UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

GREGORY GOODRICH,

               **Plaintiff,**

   - against -

THE LONG ISLAND RAILROAD
COMPANY, DONALD RUSSELL, AND
JOHN DOE "A" name being fictitious,
true name unknown,

            **Defendants.**

------------------------------------------------- X

**MEMORANDUM OPINION
AND ORDER**

**10 Civ.  2195 (SAS)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/10
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      The Long Island Railroad Company ("LIRR") moves to dismiss

Gregory Goodrich's Complaint for failure to state a claim upon which relief can be

granted.  For the reasons discussed below, the motion is granted.

## II.    BACKGROUND

      Gregory Goodrich has been employed as an electrician by the LIRR

for over twenty years.[1]  For much of that time, he has been HIV positive.[2]  His condition was not generally known by his co-workers.[3]  In late August 2009, Goodrich was out of work for several days with the flu.[4]  The LIRR requires an employee to submit a sick leave application in order to receive compensation for days missed while ill.[5]  Goodrich submitted this form.[6]  Someone then took the form from Goodrich's locker and wrote the phrase "And HIV positive" beneath the doctor's flu diagnosis.[7]  The form was then posted on a public bulletin board at the LIRR's Hillside facility.[8]  Goodrich learned of this when other LIRR employees contacted him about the posted form.[9]  Goodrich believes that a co-worker, Donald Russell, was responsible for both tampering with the form and

---

[1]     *See* Transcript of 4/22/10 Conference ("4/22/10 TR") at 3.

[2]     *See id.*

[3]     *See id.*

[4]     *See id.*

[5]     *See id.*

[6]     *See id.*

[7]     *See id.*

[8]     *See id.* at 4.

[9]     *See id.*

2

placing it on the public bulletin board.[10]

Goodrich filed suit in this Court on March 12, 2010. He asserts subject matter jurisdiction under the Federal Employer's Liability Act ("FELA").[11] Goodrich alleged one count of negligent infliction of emotional distress ("NIED") and one count of intentional infliction of emotional distress ("IIED") against the LIRR, Donald Russell, and an unknown employee of the Railroad, identified as John Doe "A."[12]

The LIRR filed a motion to dismiss, arguing that as a matter of law Goodrich could not recover for either of his claims without alleging that he suffered a physical impact or apprehension of bodily harm.[13] For the purposes of this motion, the LIRR concedes that Russell's behavior was sufficiently extreme and outrageous to support a claim of IIED, and that he was acting in furtherance of

---

[10]    *See id* at 3-4; Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Complaint ("Pl. Mem.") at 1.

[11]    *See* 45 U.S.C. § 51.

[12]    *See* Complaint ("Compl") ¶¶ 8, 14, 20, 24, 31, 34. According to the LIRR, Russell has not been served with the summons and complaint, while Doe has not been identified. *See* Memorandum of Law in Support of Motion by Defendant The Long Island Railroad Company to Dismiss Complaint ("Def. Mem.") at 1.

[13]    *See* Def. Mem. at 3, 4.

his employment.[14]  Goodrich concedes that he "was never placed in fear of imminent bodily harm, nor did he ever suffer any physical impact," and withdraws his NIED claim.[15]  Thus the only issue before the Court is whether the so-called "zone of danger" test applies to IIED claims under the FELA.

## III.   LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court "must take all of the factual allegations in the complaint as true."[16]  As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]  Rather, to survive a motion to dismiss, the complaint must include "sufficient factual matter . . . to state a claim for relief that is plausible on its face."[18]

Facial plausibility is satisfied where the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged" based

---

[14]     *See* 4/22/10 TR at 14.

[15]     *See* Pl. Mem. at 2.

[16]     *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

[17]     *Id.*

[18]     *Id.* (citation omitted).

4

on plaintiff's factual pleadings.[19]  This is not a "probability requirement."[20]  The

complaint must embody "more than a sheer possibility that a defendant has acted

unlawfully."[21]  Where the court cannot "infer more than the mere possibility of

misconduct," the complaint has not shown "that the pleader is entitled to relief."[22]

When determining the sufficiency of a claim under Rule 12(b)(6), the

court is normally required to consider only the allegations on the face of the

complaint.  Even so, "[d]ocuments that are attached to the complaint or

incorporated in it by reference are deemed part of the pleading and may be

considered."[23]  The court is only allowed to consider documents outside the

complaint if the documents are integral to the pleading or subject to judicial

notice.[24]

---

[19]   *Id.*

[20]   *Id.*

[21]   *Id.*

[22]   *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

[23]   *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

[24]   *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

## IV.   DISCUSSION

In *Consolidated Rail Corp. v. Gottshall*,[25] the Supreme Court adopted

the "zone of danger" test for emotional injury claims brought under the FELA.

Recovery for such injuries under the FELA is limited to those plaintiffs who

"sustain a physical impact as a result of the defendant's negligence or are placed in

immediate risk of physical harm by that negligence."[26]  The *Gottshall* Court did

not address "the separate tort of intentional infliction of emotional distress."[27]

In 2003, the Court of Appeals for the Second Circuit held that claims

for IIED are cognizable under the FELA.[28]  The Second Circuit reasoned that

because both intentional torts and claims solely for emotional injury can be

brought under the FELA, IIED claims may be brought as well.[29]  Concurring,

Judge (now Justice) Sotomayor wrote that the zone of danger test should apply to

IIED claims brought under the FELA.[30]  The majority expressly declined to decide

---

[25]     *See* 512 U.S. 532 (1994).

[26]     *Id.* at 547-48.

[27]     *Id.* at 541 n.2.

[28]     *See Higgins v. Metro-North R.R. Co.*, 318 F.3d 422, 425 (2d Cir. 2003).

[29]     *See id.*

[30]     *See id.* at 431 (Sotomayor, J., concurring).

6

this issue, instead dismissing the IIED claim on the basis that the defendant's alleged conduct was not sufficiently extreme and outrageous to be actionable.[31]

Though the law remains unsettled, it appears that most courts confronting this issue favor the zone of danger test for all claims of emotional injury under the FELA.[32]  Goodrich cites to a number of cases to support the proposition that an IIED claim does not require proof of physical harm.[33]  But these cases only show that at common law, the zone of danger test usually does not apply to IIED claims.[34]  Common law principles, though entitled to "great weight" in FELA jurisprudence, are not necessarily dispositive of the question

---

[31]    *See id.* at 425 n.1.  Contrary to Goodrich's suggestion, *see* Pl. Mem. at 3, declining to decide this issue did not constitute a "tacit rejection" of the concurrence's position.

[32]    *See Gallimore-Wright v. Long Island R.R. Co.*, 354 F. Supp. 2d 478, 487 & n.47 (S.D.N.Y. 2005) (applying zone of danger test to IIED claim under FELA and collecting cases); *Gannon v. National R.R. Passenger Corp.*, 422 F. Supp. 2d 504, 513 (E.D. Pa. 2006) (dismissing IIED claim where plaintiff was not within the zone of danger).  *See also Murphy v. Metropolitan Transp. Auth.*, 548 F. Supp. 2d 29, 45 (S.D.N.Y. 2008) (dismissing IIED claim because conduct was not "outrageous" enough, but noting that the zone of danger test "may be an additional ground for rejecting an intentional infliction claim").

[33]    *See* Pl. Mem. at 5-7.

[34]    The only case Goodrich cites that deals with an IIED claim under the FELA did not address the applicability of the zone of danger test, instead dismissing the IIED claim on the grounds that the alleged conduct was not "outrageous" as a matter of law. *See Hagerman v. Metro-North Commuter R.R.*, No. 94 Civ. 5356, 1995 WL 614562, at *2 (S.D.N.Y. Oct. 19, 1995).

7

here.[35]  Rather, this Court must examine the purposes behind the FELA.

As an initial matter, I agree with Justice Sotomayor's observation in *Higgins* that the Supreme Court's reasoning in *Gottshall* need not be limited to NIED claims.[36]  Indeed, *Gottshall* repeatedly cited with approval the Seventh Circuit opinion in *Lancaster v. Norfolk and Western Railway*,[37] which held that "the FELA does not reach torts which work their harm through nonphysical means."[38]  Applying the zone of danger test to IIED claims "is consistent with FELA's central focus on physical perils."[39]

Goodrich argues that adopting the zone of danger test for IIED under FELA would render the distinction between IIED and NIED irrelevant; no plaintiffs would ever choose the more onerous "extreme and outrageous" standard of IIED over NIED.[40]  Whatever the merit of this argument, it fails as a basis for

---

[35]   *See Gottshall*, 512 U.S. at 544.

[36]   *Id.* at 432.  ( "[I]t is the nature of the injury claimed, rather than the characterization of the tort, that is dispositive . . . . ").

[37]   *See* 773 F.2d 807 (7th Cir. 1985).

[38]   *Id.* at 815.

[39]   *Gottshall*, 512 U.S. at 555.

[40]   *See* Pl. Mem. at 4-5.

8

concluding the zone of danger test should not apply.[41]  The FELA is not "a

workers compensation statute. . . .  FELA does not make the employer the insurer

of the safety of [its] employees while they are on duty.  The basis of [its] liability

is [its] negligence, not the fact that injuries occur."[42]  Nor should the FELA be

construed to make employers insurers of their employee's mental health.  The

negligence with which the FELA is concerned is focused on "the physical dangers

of railroad work."[43]  The zone of danger test best ensures that this purpose is

served.

      Moreover, it seems that the possibility of "infinite and unpredictable

liability for defendants"[44] that led the *Gottshall* Court to adopt the zone of danger

test is even greater for IIED than for NIED.  The facts here demonstrate this

potential for unpredictable liability outside the intended scope of the FELA – it is

unclear how the LIRR could have foreseen or prevented this type of emotional

---

[41]    Indeed, Justice Sotomayor explicitly noted that while requiring proof of risk of physical harm "may preclude recovery for purely emotional harm even where the conduct alleged is extreme and outrageous, this is not a sufficient basis . . . to conclude that the zone of danger test should not apply." *Higgins*, 318 F.3d at 432 n.5 (Sotomayor, J., concurring).

[42]    *Gottshall*, 512 U.S. at 543 (citing *Ellis v. Union Pacific R. Co.*, 329 U.S. 649, 653 (1947)) (quotations omitted).

[43]    *Id.* at 556.

[44]    *Id.* at 546.

9

injury. Simply put, without the threat of physical injury, the LIRR may not be

held responsible under the FELA for Russell's alleged actions, however

reprehensible. Because a FELA action can only be maintained against a "common

carrier by railroad,"[45] not an individual, this action must also be dismissed as to

defendants Russell and Doe.[46]

## V. CONCLUSION

For the foregoing reasons, LIRR's motion to dismiss is granted, and

Goodrich's FELA claims are dismissed with prejudice. The Clerk of Court is

directed to close this motion [Document #3] and this case.

---

[45]    45 U.S.C. § 51.

[46]    *See Lee v. Transportation Commc'ns Union*, 734 F. Supp. 578, 580
(E.D.N.Y. 1990) ("FELA imposes liability only on the railroad, and not its agents
or employees."). It does not appear that Goodrich asserts non-FELA state law
claims against the individual defendants. Indeed, his Complaint does not cite 28
U.S.C. § 1367 as a basis for supplemental jurisdiction. Even if Goodrich were
asserting state law claims, I would decline to exercise supplemental jurisdiction
and dismiss those claims without prejudice to re-file in state court. *See Lennon v.
Miller*, 66 F.3d 416, 426 (2d Cir. 1995) (citing *United Mine Workers of Am. v.
Gibbs*, 383 U.S. 715, 726 (1966)) ("[I]f the federal claims are dismissed before
trial, even though not insubstantial in a jurisdictional sense, the state claims should
be dismissed as well.").

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 17, 2010

11

## - Appearances -

### For Plaintiff:

Fredric M. Gold, Esq.
Fredric M. Gold, PC
450 Seventh Avenue, Suite 405
New York , NY 10123
(212) 244-2740

### For Defendant:

Brian Kenneth Saltz, Esq.
Long Island Railroad Company
93-02 Sutphin Blvd. Jamaica Station
Jamaica , NY 11435
(718) 558-8277